UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION AT LEXINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>    Plaintiff,<br><br>v.<br><br>LARRY RAY COFFMAN,<br><br>    Defendant. | CRIMINAL NO. 5:24-CR-53-KKC-EBA<br><br><br>**OPINION AND ORDER** |

\*\*\* \*\*\* \*\*\*

This matter is before the Court on the defendant's motion to dismiss the criminal indictment filed against him. (DE 17.) The Government has filed a response. (DE 19.) The defendant did not file a reply within the time allotted under the local rules nor did he request an extension of time. For the following reasons, the Court will deny the defendant's motion to dismiss.

**I.**     **Background**

On June 20, 2024, the Government filed a criminal indictment charging the defendant with two violations of 18 U.S.C. § 1591(a)(1) and 18 U.S.C. § 3559(e); and one violation of 18 U.S.C. § 2260A. (DE 1.) The indictment alleges that the defendant solicited two minors to engage in commercial sex acts "in and affecting interstate commerce[.]" (*Id.*) Specifically, it is alleged that the defendant offered to purchase tennis shoes for the teen-aged daughters of his two girlfriends in exchange for sex, and that he gave their mothers the money to purchase the tennis shoes. The Government alleges that one pair of the tennis shoes at issue was manufactured in Vietnam, while the other was manufactured in China. Both were purchased using the internet and interstate shipping.

Now, the defendant moves the Court to dismiss the criminal indictment, arguing that "none of his alleged actions affected interstate commerce" and his prosecution oversteps Congress' powers under the Commerce Clause. (DE 17 at 1.) Because the defendant's motion attacks the sufficiency of the Government's evidence, the Court finds the defendant's argument unpersuasive.

## II.   Standard of Review

Federal Rule of Criminal Procedure 12(b) provides that "[a] motion that the court lacks jurisdiction may be made at any time while the case is pending." Fed. R. Crim. P. 12(b)(2). Rule 12(b)(1), however, curbs this power by limiting the pretrial defenses that a party can raise to those "the court can determine *without a trial on the merits*." Fed. R. Crim. P. 12(b)(1) (emphasis added). Courts may resolve motions to dismiss without a trial if they involve "questions of law instead of questions of fact on the merits of criminal liability." *United States v. Craft*, 105 F.3d 1123, 1126 (6th Cir. 1997.) Courts may rule on a pretrial motion to dismiss and make preliminary factual findings necessary to decide questions of law raised therein, so long as the court's conclusions do not invade the province of the jury. *Id.*

A criminal defendant cannot, however, ground a pretrial motion to dismiss on a sufficiency-of-the-evidence argument because such a motion would raise questions of fact best left for the jury. *See, e.g., United States v. Levin*, 973 F.2d 463, 468 n.2 (6th Cir. 1992) ("[A] defendant may not challenge an indictment on the ground that it is not supported by sufficient evidence [before the grand jury.]"); *United States v. DeLaurentis*, 230 F.3d 659, 660 (3d Cir. 2000) ("Unless there is a stipulated record . . . a pretrial motion to dismiss an indictment is not a permissible vehicle for addressing the sufficiency of the government's evidence."); *United States v. Brown*, 481 F.2d 1035, 1041 (8th Cir. 1973) ("There is no authority under Rule 12, however, to dismiss on the basis of a sufficiency-of-the-evidence defense[.]").

## III.   Analysis

An element of the sex trafficking charges at bar requires the Government to show that the defendant's conduct was "in or affecting interstate commerce." 18 U.S.C. § 1591(a)(1). "The phrase 'affecting' commerce' indicates Congress' intent to regulate to the outer limits of its authority under the Commerce Clause." *United States v. Willoughby*, 742 F.3d 229, 240 (6th Cir. 2014) (quoting *Circuit City Stores, Inc. v. Adams*, 532 U.S. 105, 115 (2001)). The defendant concedes that courts have interpreted the Commerce Clause broadly and that "little impact on interstate commerce is necessary to satisfy the jurisdictional element." (DE 17 at 2.)

Yet the Sixth Circuit has made it clear that the defendant errs in asserting that the interstate commerce argument goes to the Court's subject matter jurisdiction. In *United States v. Riddle*, the various defendants were charged with violations of 18 U.S.C. § 1962 (RICO); 18 U.S.C. § 1955 (gambling); and 18 U.S.C. § 1959 (violence in furtherance of racketeering). 249 F.3d 529, 535 (6th Cir. 2001). The *Riddle* defendants contested the indictment, arguing that the court lacked jurisdiction to convict them because the government did not show a substantial effect on interstate commerce. *Id.* The Sixth Circuit rejected this argument and found that "the interstate commerce requirement, while referred to as a 'jurisdictional' element, does not affect subject matter jurisdiction, that is, the court's power to hear a case." *Id.* at 536. "Rather, a claim of an insufficient connection to interstate commerce is a challenge to one of the elements of the government's case and is therefore considered a claim about the sufficiency of the evidence." *Id.*

The Court finds *Riddle* instructive in this matter. The defendant, while framing his motion to dismiss as one for a lack of jurisdiction, actually seeks to contest the sufficiency of the Government's evidence pertaining to the interstate commerce element of the charges. He states that his position is that "the act of giving money to someone who might later opt to use that money to buy an item from another state does not constitute an act 'which affects interstate commerce' within the meaning of 18 U.S.C. § 1591(a)(1)." (DE 17 at 2.) Yet this ignores other assertions of a connection to interstate commerce, such as the use of the internet in purchasing the tennis shoes, or the foreign manufacturing and shipping of the tennis shoes. These are facts to be considered altogether by a jury, in deciding whether the Government met its burden in showing that the defendant's conduct sufficiently affected interstate commerce. It is not the Court's place to consider the sufficiency of this evidence on a pretrial motion to dismiss.

## III.   Conclusion

For the aforementioned reasons, the Court hereby ORDERS that the defendant's motion to dismiss indictment (DE 17) is DENIED.

This 13th day of September, 2024.

KAREN K. CALDWELL
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF KENTUCKY